UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIO ROBEHIER WADE-BEY,

    Petitioner,

v.

    Case No. 4:22-cv-10153
    F. Kay Behm
    United States District Judge

BECKY CARL,

    Respondent.
_____/

## ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Michigan prisoner Demario Robehier Wade-Bey filed this successive petition for a writ of habeas corpus under 28 U.S.C. § 2254. Wade-Bey was convicted after a jury trial in the Muskegon Circuit Court of second-degree home invasion. MICH. COMP. LAWS § 750.110a(3). He was sentenced as a fourth-time habitual felony offender to 9 to 27 years' imprisonment. Because Wade-Bey has already unsuccessfully sought federal relief and has not received preauthorization to file a second petition, the present action must be transferred to the Sixth Circuit.

I.

Following his 2016 state conviction, Wade-Bey filed a direct appeal. The Michigan Court of Appeals affirmed. *People v. Wade-Bey*, 2018 WL 384601 (Mich. Ct. App., Jan. 11, 2018). The Michigan Supreme Court subsequently denied leave

1

to appeal. *People v. Wade-Bey*, 924 N.W.2d 561 (Mich. 2019).

Wade-Bey then filed his first federal habeas proceeding in the Western District of Michigan. The Court denied relief, finding that all the claims raised in the petition were without merit. *Wade-Bey v. Rewerts*, No. 19-cv-522, 2020 WL 2922424, at *2 (W.D. Mich. Jun. 3, 2020). The Sixth Circuit denied Wade-Bey's application for a certificate of appealability. *Wade-Bey v. Chapman*, No. 20-1603 (6th Cir. Dec. 21, 2020).

In January 2022, Wade-Bey filed the current habeas petition, claiming: (1) the trial court denied him counsel at critical stages of the proceedings, (2) insufficient evidence was presented to support the convictions, (3) he was denied the effective assistance of appellate counsel, (4) he was denied his right to present a defense, and (5) the trial court erred in admitted prior acts evidence. (ECF No. 1.) Wade-Bey subsequently filed motions for summary judgment and bond, asserting he was entitled to immediate relief due to the length of time Respondent was afforded to file a responsive pleading. (ECF Nos. 6 and 7.) Meanwhile, Respondent filed a motion to transfer the case to the Sixth Court because Wade-Bey failed to obtain preauthorization from that Court to file a successive petition. (ECF No. 11.)

II.

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, an individual seeking to file a second or successive habeas petition must first

2

ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Because this is Wade-Bey's second federal habeas petition filed under § 2254, and because he failed to obtain preauthorization from the court of appeals, this Court is without jurisdiction to consider his claims. Where, as here, a habeas petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. *See* 28 U.S.C. § 1631; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

### III.

Accordingly,

**IT IS ORDERED** that Respondent's motion to transfer is **GRANTED**. The Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that Wade-Bey's motion for summary

judgment and motion for release pending appeal are **DENIED**.

s/F. Kay Behm<br>
F. Kay Behm<br>
United States District Court

Dated: February 9, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 9, 2023, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager